IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WILLIAM FRANKLIN DEVRIES**                          **PLAINTIFF**

**V.**                                  **CIVIL ACTION NO. 1:18CV401 LRA**

**ANDREW SAUL,**
**COMMISSIONER OF SOCIAL SECURITY**                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

William Devries appeals the final decision denying his application for a period of disability and disability insurance benefits (DIB). The Commissioner requests an order pursuant to 42 U.S.C. § 405(g), affirming the final decision of the Administrative Law Judge. Having carefully considered the entire record, including the medical records in evidence, and all the applicable law, the Court finds that the decision should be affirmed.

On December 17, 2014, Plaintiff filed an application for DIB alleging a disability onset date of March 21, 2010, due to osteoarthritis in his knees; lumbar spondylosis; attention-deficit/hyperactivity disorder; back pain without radiation; chronic obstructive pulmonary disease; cataracts in both eyes; and a hernia. He was 47 years on his alleged onset date with one year of college and past work experience as an offshore driller. Following agency denials of his application, an Administrative Law Judge ("ALJ") rendered an unfavorable decision finding that he had not established a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review. He now appeals that decision.

At step one of the five-step sequential evaluation,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of March 21, 2010, through his date last insured of December 31, 2015. At steps two and three, the ALJ found that although degenerative joint disease, lumbar and thoracic degenerative disc disease with spondylosis, and chronic obstructive pulmonary disease were severe through the date last insured, they did not meet or medically equal any listing. At step four, the ALJ found that Plaintiff had the residual functional capacity to perform light work except for postural and environmental limitations, specifically:

> he should never climb ladders, ropes, or scaffolds and should only occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs; he should avoid frequent exposure to vibration or pulmonary irritants; and he should avoid more than occasional exposure to hazards including moving machinery and unprotected heights.[2]

Based on vocational expert testimony, the ALJ concluded that given Plaintiff's age, education, work experience, and residual functional capacity, he could perform work as a ticket seller, booth cashier, and router.

## Standard of Review

Judicial review in social security appeals is limited to two basic inquiries: (1) whether there is substantial evidence in the record to support the ALJ's decision; and (2)

---

[1] Under C.F.R. § 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantial gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Sub-part P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform? *See also McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

[2] ECF No. 13, p. 19.

whether the decision comports with relevant legal standards. *Salmond v. Berryhill*, 892 F.3d 812, 816 (5th Cir. 2018). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (internal quotation marks and citation omitted). It must be more than a scintilla, but it need not be a preponderance. *Id.* In reviewing an appeal, this Court may not re-weigh the evidence, try the case de novo, or substitute its judgment for that of the ALJ, even if it finds evidence that preponderates against the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

## Discussion

Plaintiff's central argument on appeal is that the ALJ failed to fully consider his subjective complaints and self-described limitations in compliance with 20 C.F.R. § 404.1529, which requires an ALJ to consider a list of factors when evaluating the intensity and persistence of a claimant's symptom. However, the Court does not so read the ALJ's decision. "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). Given the evidence of record, the Court finds the ALJ's decision is substantially supported and entitled to considerable deference here.

At his administrative hearing, Plaintiff testified that he has not sought employment since he worked as an offshore driller in 2010, except for financing two businesses, both of which failed. Since then, he has been precluded from working because he is in need of

3

knee and hip replacements. Although he takes a muscle relaxer and medications for blood pressure, pain, and inflammation, they provide only minimal relief. His daily activities are limited to watching TV in bed, though he helps care for his three-year-old daughter when his pain allows. However, his ability to concentrate as well as his ability to stand, sit, and walk are all severely limited by his pain which he compensates for by using a cane and leaning on shopping carts when he goes shopping. He also suffers from chronic obstructive pulmonary disease, but it is not severe and has improved with treatment. Although he was told that his hip pain was caused by the failure to have knee replacement surgery, Plaintiff testified that he postponed the scheduling of his knee replacement surgery until after his administrative hearing.[3]

The Court finds Plaintiff's contention that the ALJ failed to fully consider his subjective complaints to be without merit. When assessing disability, the ALJ is required to consider all symptoms, including pain, and the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence, together with other evidence. 20 C.F.R. § 404.1529(a). In evaluating the intensity of symptoms, including pain, the ALJ will consider all available evidence such as the objective medical evidence; the claimant's daily activities; symptoms; factors that precipitate and aggravate those symptoms; medication and side effects; types of treatment; and, functional limitations. 20 C.F.R. § 404.1529(c)(3). The ALJ must also consider inconsistencies in the evidence and conflicts between the claimant's statements

---

[3] ECF No. 13, pp. 41-66.

4

and the remainder of the evidence. 20 C.F.R. § 404.1529(c)(4). But as the relevant Social Security regulations make clear, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a). The Fifth Circuit has long noted that "[w]hile an ALJ must consider an applicant's subjective complaints of pain, he is permitted to examine objective medical evidence in testing the applicant's credibility. He may find, from the medical evidence, that an applicant's complaints of pain are not to be credited or are exaggerated." *Johnson v. Heckler*, 767 F.2d 180, 182 (5th Cir. 1985).

In assessing Plaintiff's disability claim here, the ALJ considered, *inter alia*, numerous medical reports, medical evidence, and Plaintiff's testimony. That is sufficient for meaningful review. That she did not follow "formalistic rules" or engage in an exhaustive discussion of every subjective complaint does not require reversal or remand. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) (declining to require that ALJ specify the evidence supporting a credibility finding and discuss the evidence that was rejected); *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Specifically, the ALJ noted that Plaintiff's complaints were not fully supported by the objective medical evidence; that his physical and mental conditions had improved with medication and conservative treatment; that his daily activities included watching his three-year-old daughter; and, that the evidence as a whole did not support standing and walking limitations that would preclude him from performing a reduced range of light work.

Based on the evidence of record, the ALJ concluded that Plaintiff had the residual functional capacity to perform a reduced range of light work subject to certain postural

and environmental limitations. The ALJ articulated the following reasons for this conclusion, all supported by the record:

> . . . . The medical evidence of record during the period documents the claimant's treatment for degenerative joint disease, lumbar and thoracic degenerative disc disease with spondylosis, and chronic obstructive pulmonary disease. Rheumatology records from November 7, 2012 through October 26, 2015, reflect conservative treatment examination findings supportive of lumbar spondylosis with radicular symptoms; degenerative changes in knees, feet and fingers consistent with osteoarthritis; and diminished breath sounds consistent with chronic obstructive pulmonary disease. Lumbar spine x-rays from March 2015 showed changes of osteoarthritis and degenerative disc disease, and bilateral knee x-rays showed degenerative changes, left greater than right. Pulmonary function testing performed in March 2015 resulted in a pre-medication FVC of 5.75 or 92 percent of predicted and FEV1 of 4.64 or 71 percent of predicted with fair effort noted. At that time, no breathing difficulties were observed and no post-medication testing was performed. An April 2015 consultative examination revealed findings supportive of chronic low back pain with mild radiculopathy not excluded, chronic left knee arthritis, and chronic obstructive pulmonary disease with no shortness of breath at rest. In August 2015, there were findings of a swollen but stable left knee, tenderness to the low back and left buttocks, a slow gait, and normal respiratory findings. Lumbar spine x-rays from August 2015 showed multilevel spondylosis most notable at L5-S1. Chest x-rays performed in August 2015 showed no acute disease and a September 2015 chest CT scan was unremarkable. Respiratory and musculoskeletal findings from September 2015 were normal, and his gait was normal with no difficulty standing noted. Hattiesburg Clinic records from July and August of 2015 document improvement in his left knee symptoms with physical therapy. Records from July and August 2015 document improvement in his left symptoms with physical therapy. Records from October through December 2015 reflect treatment for left low back pain with radiculopathy and significant improvement with use of TENS unit. In December of 2015, he was found to have persistent back, left hip and left leg pain, but it was noted that his lumbar MRI showed mostly facet arthropathy and no central compression.
>
> Accordingly, the undersigned specifically finds the claimant through the date last insured was capable of sustaining work within the determined residual functional capacity for two-hour blocks in an eight-hour workday,

> five days per week (or an equivalent work schedule), without the need for additional work breaks, excessive absences or other accommodations.[4]

Plaintiff does not dispute the ALJ's assessment of the evidence but claims that the ALJ failed to consider whether his standing and walking limitations would preclude him from performing light work.

However, the ALJ's residual functional capacity determination is supported by the opinions of state agency physicians who opined that Plaintiff could perform a reduced range of light work, particularly, he could stand and walk with normal breaks. In addition to this evidence, a consultative examination in April 2015 revealed, *inter alia*, that Plaintiff "demonstrated an antalgic gait but required no assistance with ambulation, had no difficulty reaching, pushing, grasping or carrying out daily activities, and had no functional or impaired use of extremities." Further, contrary to Plaintiff's arguments on appeal, the ALJ did not discount Plaintiff's subjective complaints, but found that "the claimant's allegations ***of total disability*** are inconsistent with the objective medical evidence of record for the period from the alleged onset date of March 21, 2010, through the date insured of December 31, 2015."[5]

As a matter of law, the mere fact that working may cause a claimant pain or discomfort does not mandate a finding of disability. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) ("[I]ndividuals capable of performing even light or sedentary work,

---

[4] ECF No. 13, pp. 22-23 (internal record citations omitted).

[5] *Id.* at 21-22 (emphasis added).

despite [pain], are not disabled under the Act"). For pain to rise to the level of disabling, that pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Chambliss*, 269 F.3d at 522. By Plaintiff's own admission, medical providers advised that a knee replacement surgery, which he postponed for his administrative hearing, would help to alleviate his hip pain. A medical condition that can be reasonably remedied by surgery, treatment or medication is not disabling. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). And, as for Plaintiff's contention that the ALJ failed to fully consider his subjective complaints and limitations, "there will always be some evidence that is not specifically discussed in the Commissioner's decision. [This Court's] review is limited to examining whether the decision to deny benefits is supported by substantial evidence in the record, and it is here." *Giles v. Astrue*, 433 F. App'x 241, 251 (5th Cir. 2011).

In sum, the ALJ was not required to follow formalistic rules when articulating the reasons for her credibility determination. She needed only to give due consideration to Plaintiff's subjective complaints—and she did. *Garcia v. Colvin*, 622 F. App'x 405, 409 (5th Cir. 2015). Based upon consideration of the evidentiary record as a whole, the ALJ determined that Plaintiff failed to establish that his impairments were of sufficient severity to be disabling. The Court's review of the record compels a finding that the ALJ applied the correct legal standards and that substantial evidence supports the ALJ's decision.

**Conclusion**

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Affirm the Commissioner's Decision is hereby granted, and Plaintiff's appeal is dismissed. A Final Judgment in favor of the Commissioner shall be entered by separate order.

SO ORDERED on March 31, 2020.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE